## In re REALTY ASSOCIATES SECURITIES CORPORATION.

### No. 45024.

District Court, E. D. New York.

Jan. 28, 1944.

Auchincloss, Alley & Duncan, of New York City (James B. Alley and Charles R. Lowther, both of New York City, of counsel), for debtor.

Halpin & Keogh, of New York City, (Eugene J. Keogh, of New York City, of counsel), for trustees.

George Zolotar and Kiva Berke, both of New York City, for Securities and Exchange Commission.

Percival E. Jackson and Theodore N. Tarlau, both of New York City, for John Vanneck, Barbara B. Vanneck, Equitable Holding Corporation and Frank Bailey.

Lewis, Marks & Kanter and Julius Silver, all of New York City (Jack L. Rappaport, of New York City, of counsel), for Bondholders' Protective Committee.

Archibald Palmer, of New York City for Anna A. Kuhlmann and Catherine Kuhlmann.

Herrick & Feinstein, of Brooklyn, N. Y. (Abraham Feinstein, of Brooklyn, N. Y., of counsel), for Bondholders' Directors' Committee.

Newman & Bisco, of New York City (David Barnett and Leo P. Cappelletti, both of New York City, of counsel), for Manufacturers Trust Co.

Harold W. Newman, Jr., of Washington, D. C., for Bondholders' Advisory Committee.

James F. Dealy, of New York City, for Amalgamated Properties, Inc.

Root, Clark, Buckner & Ballantine, of New York City (William P. Palmer, of New York City, of counsel), for Consolidated Realty Corporation.

Charles J. Buchner, of Brooklyn, N. Y., for bondholder.

MOSCOWITZ, District Judge.

The debtor filed a voluntary petition for reorganization under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., and the Court appointed two disinterested trustees and an additional trustee under authority of Section 156 of the Act, 11 U.S.C.A., § 556. Objections have been raised to the continuance of the additional trustee in office.

Section 156 of the Bankruptcy Act provides that in a case where the liabilities of the debtor exceed $250,000 the Court may appoint one or more trustees, who must be disinterested. It also provides that the Court may, for the purposes specified in Section 189 of the Act, 11 U.S.C.A. § 589, appoint as an additional trustee a person who is a director, officer or employee of the debtor. Mr. Thralls, appoint-

ed by the Court as additional trustee in this proceeding, comes within the category of being a director.

■ Section 189 limits materially the duties of the additional trustee. It provides that such additional trustee, by authorization of the Court, shall operate the business and manage the property of the debtor during such period of limited or indefinite time as the Court may from time to time fix and shall file reports of such operation and management with the Court at such intervals as the Court may designate. It was contemplated by this section that the additional trustee, together with such disinterested trustees as the Court appointed, should operate the business and manage the property of the debtor and that is all that the additional trustee is permitted to do. He has nothing to do with the promulgation and filing of a plan; that is left to the disinterested trustees.

Congress contemplated in very definite language that the Court could appoint an interested person as an additional trustee because the language of Section 156 specifically so provides. There is no limitation in the law with respect to a director. Under this section the Court could appoint a director who had nothing to do with active management and who merely attended a meeting of the board of directors, perhaps as infrequently as once a month. In this case, however, we have a trustee whose ability and integrity are not in question, who has had wide experience in the administration of estates, the liquidation of corporations and the management of property to the extent that he has testified to, namely, involving over $300,000,000.

■ There are few men who have had the extraordinary experience possessed by Mr. Thralls. He has been representing an arm of the Government, the Reconstruction Finance Corporation, for a number of years and, as such, represents all of the stock of this debtor. He has been representing the Reconstruction Finance Corporation for the purpose of endeavoring to collect the $20,000,000 owing to it and has evidently performed his duties to the satisfaction of the Corporation.[1]

Mr. Thralls' testimony on the stand demonstrates that he has a clear knowledge of the business conducted by the debtor and that his advice, assistance and direction were very essential to the management of the business and that his continuance may be regarded as a necessity. It is true enough that no human being is indispensable and that all that the Court can do is to get men whom it may reasonably assume can carry out the duties of their offices as trustees. In Mr. Thralls, according to his testimony which the Court has considered, we have a man whose experience, ability, knowledge and direction of the affairs of this debtor make his services in the administration of this estate to a large degree indispensable because it is very difficult for trustees who have been appointed by the Court to acquire all the knowledge of all of the facts in a short period of time; in this case they have the benefit of the experience and judgment of an additional trustee.

There has not been, with the exception of one or two at the very beginning of the proceedings, any sale of property or extension of mortgage in this proceeding without a full hearing at which the creditors were represented by attorneys and without a court order authorizing it. The Court has full faith in the judgment of the disinterested trustees whom it has appointed and if a situation should arise where there is any conflict of interest, the Court believes that Mr. Thralls will come forward and so state to the Court. Certainly the disinterested trustees and the attorneys for the trustees will also call the attention of the Court to any such instance. We also have a great number of attorneys who have appeared in this proceeding and they would call the Court's attention to any evidence of that character.

After consideration of the affidavits and memoranda submitted by the attorneys and the testimony presented at the hearing, the Court is of the opinion that it is highly desirable and necessary that Mr. Thralls be continued as an additional trustee, together with the other trustees.

Settle order on notice.

---

[1] The Court desires to note that it disregarded the resolution of the Reconstruction Finance Corporation read into evidence on the hearing and has reached its conclusion on the basis of the testimony of Mr. Thralls and others on the witness stand.